[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited dissolution matter, both parties, with representation of counsel, testified at trial. In entering the following orders, the Court is mindful of the provisions of Sections 46b-81 and 46b-82 of the Conn. Gen. Stats., and testimony and financial affidavits submitted.
The parties married on May 21, 1971 and the plaintiff has resided in Connecticut for longer than one year prior to bringing this action. The parties have two minor children: Shani L. Lawrence, born April 29, 1973, and Todd H. Lawrence, born March 13, 1977.
It is clear from the testimony that this marriage has broken down irretrievably. The parties have been separated for approximately one year and there is no likelihood of a reconciliation. The marriage is dissolved accordingly.
The Husband moved out of the family home about one year ago and took an apartment. The Wife remained in the family home with the two minor children, however in September 1990, Todd, desiring to do so, moved in with the Husband. The apartment where they reside has to be vacated by March 1, 1991 and the Husband is not likely to find another in the Town of Ellington at the rental he is now paying as he is a friend of the current landlord.
Shani will be eighteen (18) years old on April 29, 1991. She is a senior at Ellington High School but her graduation is in jeopardy for poor academic performance.
The Husband has lived in Connecticut for 22 years and approximately the past twelve (12) years he has had a second job as the Ellington Five Marshall. It pays $18,000.00 per year, and it is a requirement that he live in Ellington. His primary job is with the Hartford Fire Department with the rank of Lieutenant.
The Wife has her roots in Tiverton, R.I. She is a native of that town, has family there and is planning on moving back there as soon as practical. She, however, CT Page 1702 indicates she would like to stay in Connecticut until Shani's situation is "stable". Shani has indicated that under no circumstances, would she move to Tiverton. With that background the Court finds that the children's welfare will best be served by their continuing residence in Connecticut and that the Husband is more likely to offer them continuing stability of a home with him. The Court ascribes the breakdown of the marriage to an increasing incompatibility between the parties.
Custody: Custody of the minor children shall be awarded to the Husband. The Wife shall have liberal and reasonable visitation which shall include, but is not necessarily limited as follows:
For the period of time that the Wife resides in the State of Connecticut, her visitation with Todd shall be alternating weekends from Friday, either after school or before dinner, until Sunday evening and two weekday evenings per week which shall be overnight to correspond with the Husband's working evenings. At any time that the Father is working nights, Todd will be left with the Mother if she is in Connecticut.
When the Wife moves to Rhode Island, her visitation with Todd shall be alternating weekends which shall automatically include Mondays whenever it is a holiday, shared remaining holidays and at least six weeks during the summer. The parties agree that all visitation shall remain flexible to accommodate both parties' work schedules. The parties' shall equally share the transportation.
Support: There shall be no support obligation on the part of the Wife at the present time.
Medical and Dental Insurance: The Husband shall maintain in full force and effect his present medical coverage through his place of employment, or its equivalent, for the benefit of the minor children for as long as said insurance is available, and shall be responsible for any uninsured medical/dental expenses.
The Husband shall cooperate in obtaining medical coverage for the Defendant Wife pursuant to COBRA, and be responsible for costs until she has medical insurance available to her.
Alimony: The Husband shall pay alimony in the amount of $125.00 per week for 260 weeks. CT Page 1703
Real Estate: The Wife shall quit-claim her interest in the family residence known as One Hathaway Road, Ellington to the Husband on or before February 28, 1991. In consideration of said transfer the Husband shall execute a promissory note in the amount of $25,000.00 to be secured by a mortgage on said premises. Said note to contain the following terms and conditions:
1. Simple interest shall accrue on the unpaid principle balance at the rate of six (6%) percent per annum.
2. Standard language regarding attorney's fees and costs of collection in case of default.
Said note, with accrued interest, shall be payable upon the earliest to happen of the following events:
A. The Sale of the Property
B. Death of the Husband
C. Remarriage of the Husband
 D. The Eighteenth (18th) birthday of the minor child, Todd.
 E. Failure of the Husband to use the premises as his principal place of residence.
The Husband shall hold the Wife harmless from any existing mortgage on said property.
Personal Property:
The Wife shall be entitled to the entire collection of fire memorabilia owned by them. The Wife shall keep her interest in her Casual Corner profit sharing plan.
The Husband shall keep the household furnishings listed in Schedule A of his Memorandum and proposed Orders except for the following items which shall be retained by the Wife:
1. Stereo and Speakers
2. Pine Commode
3. VCR
4. Electric Can Opener CT Page 1704
5. Two Framed Civil War Prints
6. Antique Clocks
7. Stuffed Chair and Matching Footstool
8. Round Antique Table
9. Brass Bed
10. Two Hanging Lamps
11. Christmas Tree Decorations
12. Half of the Family Photographs
Automobile:
The Wife shall have possession of the Ford Maverick Automobile. Other vehicles shall remain with the party in possession of them.
Plaintiff's Pension:
The Plaintiff Husband shall execute a Qualified Domestic Relations Order (QDRO), or its equivalent, for the benefit of the Defendant Wife in order to provide the Defendant Wife with one-half (1/2) of the Plaintiff Husband's current pension benefits available to him through the City of Hartford Employee Retirement Account. The Plaintiff Husband shall keep in effect all survivorship benefits for the Defendant Wife. Said payments to begin upon the Husband's retirement.
Other:
The Wife's maiden name, Maryln M. Fortin, is ordered restored to her.
Each party shall be responsible for his/her counsel fees.
KLACZAK, J.